UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:96-00051 |
| v. ) | JUDGE TRAUGER |
| ) | |
| MATTHEW OTIS CHARLES ) | |

## MATTHEW CHARLES'S MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

Section 404 of the First Step Act of 2018, which was enacted on December 21, 2018, independently authorizes a district court to impose a reduced sentence for crack-cocaine convictions where the statutory penalty provisions of the Fair Sentencing Act would have applied had that Act been in effect at the time of the original sentencing. Matthew Charles was convicted in 1996 on four firearms counts and three counts of trafficking crack cocaine. For his crack-cocaine convictions, Charles was sentenced to serve concurrent sentences of 35 years. The Fair Sentencing Act's reduced penalty structure would have applied to Charles's crack-cocaine convictions had that Act been in effect at that time. Accordingly, the Court is authorized to impose a reduced sentence under Section 404.

This Court and the Sixth Circuit have indicated that Charles is deserving of a substantial sentence reduction in light of meaningful proof of his extraordinary rehabilitation. *United States v. Charles,* 901 F.3d 702, 705 (6th Cir. 2018) ("Yet two district judges, the Assistant United States Attorney—and now three appellate judges—have been impressed by his rehabilitation after more than 20 years of incarceration."). He respectfully requests that the Court, pursuant to Section 404, reduce his sentence to time served.

## Statement of Facts

The Anti-Drug Abuse Act of 1986 imposed especially harsh statutory penalties for drug offenses involving crack cocaine. 100 Stat. 3207. Due to that act, section 841(b) to United States Code Title 21 provided, as of 1996, for three tiers of penalties for offender convicted of distributing or conspiring to distribute crack cocaine in violation of 21 U.S.C. § 841(a) or 846. Specifically:

- Section 841(b)(1)(C) provided for a sentencing range of up to 20 years if the offense involved less than 5 grams of crack cocaine;

- Section 841 (b)(1)(B)(iii) provided for a sentencing range of 5 to 40 years if the offense involved "5 grams or more" of crack cocaine; and,

- Section 841(b)(1)(A)(iii) provided for a sentencing range of 10 years to life if the offense involved "50 grams or more" of crack cocaine.

21 U.S.C. § 841(b) (1996).

In May 1996, Matthew Charles was charged in an eight-count indictment, as follows. Count 1 charged a conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846; Counts 4 and 7 charged two instances of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1); Counts 2 and 3 charged making two false statements in connection with acquiring firearms in violation of 18 U.S.C. § 922(a)(6); Counts 5 and 8 charged possessing a firearm as a felon in violation of 18 U.S.C. § 922(g); and, Count 6 charged using a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c). (Presentence Report (PSR) at 4; Indictment, R.212-1, PageID # 401.) At trial, Charles was acquitted of Count 6 (the § 924(c)


2

charge), but convicted of the other seven counts, including the three counts of trafficking crack cocaine. (*Id.* at 5.)

Based on the government's proof at trial and sentencing, this Court concluded at the sentencing hearing that Charles's drug offenses involved a total of 216 grams of crack cocaine. (PSR at 9; Sentencing Hr'g Tr., R.212-5, PageID # 511 (adopting PSR's findings).)

In light of that finding—which, at that time, was ordinarily found by a judge at sentencing rather than by a jury at trial—Charles was deemed to be subject to the harshest tier of penalties, those of § 841(b)(1)(A). (*See* PSR at 25.) Thus, it was determined that his mandatory minimum sentence for each crack offense was ten years and that his statutory maximum was life. (*Id.*; Judgment, R.212-2, PageID # 411.)

The Court imposed a sentence of 35 years (420 months) on each crack-cocaine count, with each to run concurrently. (Judgment, R.212-2, PageID # 408.) As for the firearm offenses, the Court imposed statutory maximum sentences of 10 years for Counts 2 and 3, and statutory-minimum sentences of 15 years under the Armed Career Criminal Act for Counts 5 and 8—all to run concurrently with his sentences on the crack-cocaine counts. (*Id.*)

As explained at length in previous pleadings (*see, e.g.,* Def. Sealed Sent. Mem., R.197, PageID # 189-90), Charles served year after year in prison as a model prisoner. Then, in 2014, this Court invoked 18 U.S.C. § 3582(c)(2) to reduce his sentence to 292 months in light of ameliorative amendments to the drug guideline, U.S.S.G. § 2D1.1, and in light of his evident rehabilitation. (Order, R.200, PageID # 227; Sealed Statement of Reasons, R.201, PageID # 231 (remarking on Charles's sound record, "positive respectful attitude," and evident propensity to do well upon release).) While the government challenged that reduction, Charles completed the

3

292-month sentence and then lived for almost two years as a free man.[1] During that time, he proved himself to be a remarkably virtuous person, gaining the support of a respected members of the community. (Letters, R.220-1, PageID # 564-75; Motion to File Video, R.230, PageID # 648.) The prosecution itself "applaud[ed] Charles for his commendable turnaround." (Response to Sent. Mem., R.224, PageID # 608.) But the Sixth Circuit held that the sentence reduction was unauthorized, and this Court was compelled to impose the 35-year sentence on Charles again, despite stating that it was "very impressed with the rehabilitation of Mr. Charles and his activities and good works since he's been on release[]." (Court, Second Resentencing Hr'g Tr., R.245, PageID # 732.) Charles self-surrendered in May 2018. At age 52, he has nearly nine years left to serve on the 35-year sentence.

## Argument

**I.    Charles is eligible for a reduced sentence under Section 404.**

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 (the "FSA"). 124 Stat. 2372. It did so because the Sentencing Commission and public had long concluded that the 1986 Anti-Drug Abuse Act's penalty scheme for crack-cocaine offenses was far too harsh and had a disparate impact on African-American defendants. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Specifically, section 2 of the FSA changed the penalty structure for crack offenses, as follows:

- Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved less than 28 grams of crack cocaine;

---

[1] In June 2016, Charles was released to serve six months in a halfway house, and he self-surrendered back into custody in May 2018.

4

- Section 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved "28 grams or more" of crack cocaine; and,

- Section 841(b)(1)(A)(iii) now provides for a sentencing range of 10 years to life if the offense involved "280 grams or more" of crack cocaine.

21 U.S.C. § 841(b) (2018); *see Dorsey,* 567 U.S. at 269 (explaining effect of Section 2 of the FSA).

The FSA went into effect immediately (August 3, 2010), and, partly to more thoroughly put an end to the "disproportionate status quo," the Supreme Court held that the new penalty structure would apply to any defendant sentenced after August 3, 2010, even if the offense was committed prior to that date. *Dorsey*, 567 U.S. at 278.

Still, this remedy to the disproportionate status quo fell far short since it left intact many unjust sentences that were imposed from 1986 through 2010 under the pre-FSA penalty structure. The First Step Act of 2018 has now created a freestanding remedy to retroactively reduce sentences of this type. Basically, it aims to let courts impose reduced sentences on any prisoner who is still serving a sentence for a crack-cocaine offense if that sentence was imposed when the pre-FSA penalty structure still applied. Section 404 of the First Step Act establishes its remedy in two steps, and it clearly applies to Charles at each step.

First, the Act defines what offenses are covered by its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

(Ex. A, First Step Act, Title IV, Sec. 404(a); *see also* Ex. B, Fair Sentencing Act.) Charles's drug offenses are "covered offenses." That is clearly so because Section 2 of the FSA "modified" the "statutory penalties" under § 841(b) for "violation[s]" of 21 U.S.C. §§ 841(a) and

5

846 that involved crack cocaine, which were in fact Charles's violations. And he committed those violations before August 3, 2010.

Second, the Act provides the circumstances under which a district court can reduce the sentence for defendants who were previously sentenced for a "covered offense":

> Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(*Id.*, Sec. 404(b).) This provision plainly applies to Charles because this Court previously "imposed a sentence" on him "for a covered offense," and he is moving for imposition of a reduced sentence. Thus, this Court can now "impose a reduced sentence" on Charles for his crack-cocaine offenses as if the FSA were in effect.

The only limitations on this resentencing power are aimed at preventing a defendant from getting multiple reductions due to the FSA or from filing multiple motions for a Section 404 reduction. (*Id.*, Sec. 404(c).) Neither of these limitations apply to Charles. He is now serving his full 35-year sentence on the crack convictions, and this is his first Section 404 motion.

In sum, proving eligibility under the First Step Act is relatively simple. A defendant is eligible if he was convicted of a crack-cocaine offense, was sentenced when the pre-FSA statutory penalties were still in effect, and continues to serve a sentence that has not already been reduced to post-FSA levels. Because Charles satisfies all of these requirements, the Court has the authority to impose a reduced sentence for his crack-cocaine convictions.

**B.    The Court should impose a reduced sentence of time served.**

The only guidance Congress has given regarding the authorized extent of Section 404 relief is to say that the district court may impose a reduced sentence "as if" the FSA's reduced crack-cocaine penalties "were in effect at the time the covered offense was committed." This

broad grant of resentencing authorities contains one implied limitation, *viz.,* that the court cannot impose a sentence lower than the statutory mandatory minimum applicable under the FSA to the defendant's offense of conviction. For example, if a defendant was convicted at trial in 2009 where the jury found he distributed "50 grams or more" of crack cocaine, his post-FSA mandatory minimum sentence would be five years because that is the post-FSA minimum for an offense involving 28 grams or more of crack. 21 U.S.C. § 841(b)(1)(B)(iii). In that case, the district court, acting pursuant to Section 404, could not reduce the defendant's sentence below five years.

Here, no such factor restricts the Court. No jury found Charles responsible for any particular quantity of crack. Thus, if the FSA were in effect, Charles would not be subjected to any mandatory minimum, and so the Court is not restricted in any way when imposing a reduced sentence under Section 404.

Perhaps the government will argue that, since at the time of Charles's conviction and sentencing it was customary for the sentencing judge to determine the drug quantity at sentencing, *see United States v. Moreno,* 899 F.2d 465, 473 (6th Cir. 1990), this Court should today treat Charles as if he were convicted of trafficking the quantity found by the judge, which in this case was 216 grams of crack cocaine. Even if that approach were appropriate,[2] taking that approach would make no difference for Charles at this late date. If the quantity for his convictions were considered to be 216 grams of crack cocaine, the corresponding post-FSA penalty range would be 5 to 40 years. 21 U.S.C. § 841(b)(1)(B)(iii). The Court could

---

[2] It would not be appropriate. The practice of finding sentence-enhancing drug quantities at sentencing was a violation of the Sixth Amendment right to trial. *See Alleyne v. United States,* 133 S. Ct. 2151 (2013). Meanwhile, Congress enacted Section 404 to rectify wrongs. It would be untenable to assume that Congress, when acting to rectify wrongs, meant to direct courts to perpetuate unconstitutional practices.

7

nonetheless reduce his sentence to as little as five years—while he has already served well over 20 years. Thus, under Section 404, the Court is authorized to impose a sentence as short as time served for each of Charles's crack-cocaine convictions.

Charles respectfully requests such a sentence for two reasons. One is based in equities that were extensively developed in litigation related to his temporary reduction under 18 U.S.C. § 3582(c)(2). As detailed above, during and after his service of a very long sentence, Charles has shown an extraordinary record of rehabilitation. A sentence of time served satisfies all of the factors under 18 U.S.C. § 3553(a).

The other reason is based on the Sentencing Guidelines. If the FSA were in effect, his guideline range would be much shorter than it was when he was sentenced in 1996. Since he was an Armed Career Criminal, his base offense level for the § 922(g) firearm convictions would have been 34. U.S.S.G. § 4B1.4(b)(3)(A). Since he was a career offender, his base offense level for the crack convictions would have been either 32 or 34, depending on whether the Court were to consider his crack quantity to be undetermined (triggering a statutory maximum of 20 years) or to be 216 grams (triggering a statutory maximum of 40 years). *See* U.S.S.G. § 4B1.1(b)(2), (3). Since the drug tables in U.S.S.G. § 2D1.1 are "extrapolate[ed]" from the statutory penalty scheme, *Dorsey,* 567 U.S. at 268, his base offense level under the post-FSA drug guideline would be 28, rendering a total offense level of 32 under U.S.S.G. § 2D1.1. U.S.S.G. § 2D1.1(c)(6); *see* PSR at 13-14 (explaining the four levels of enhancements). Thus, his highest offense level would be 34, and combined with a criminal history category of VI, his guideline range would be 262-327 months. This Court, when it believed § 3582(c)(2) authorized a reduction to 292 months, reduced the sentence to that level; Charles completed it; and upon release, he lived a law-abiding and productive life. A sentence of 292 months—which falls in

8

Case 3:96-cr-00051   Document 251   Filed 12/27/18   Page 8 of 9 PageID #: 767

the middle of the range recommended by the Guidelines—would be a sentence of time served. In short, the advice of the Guidelines comports with what Charles has proven by his own conduct and the statements of his supports: Continuing to imprison him serves no useful purpose.

## Conclusion

Section 404 grants the district courts broad discretion to reduce sentences imposed under the excessively-harsh penalty structure that Congress has now renounced. Charles is certainly deserving of such a reduction, and he respectfully asks that the Court reduce his crack-cocaine sentences to time served.

Respectfully submitted,

/s/ *Mariah A. Wooten*
MARIAH A. WOOTEN (BPR# 006259)
First Assistant Federal Public Defender
MICHAEL C. HOLLEY
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047

Attorneys for Matthew Charles

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2018, I electronically filed the foregoing *Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act* with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Cecil VanDevender, Assistant United States Attorney, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

/s/ *Michael C. Holley*
MICHAEL C. HOLLEY