UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:96-cr-00051 |
| ) | Judge Aleta A. Trauger |
| MATTHEW OTIS CHARLES ) | |

**RESPONSE TO MOTION FOR REDUCED SENTENCE**
**UNDER SECTION 404 OF THE FIRST STEP ACT**

Matthew Charles has filed a motion for a reduced sentence under Section 404 of the First Step Act of 2018. (DE# 251.) The government agrees that the newly enacted legislation appears to provide a lawful basis for the Court to reduce Charles's sentence. In addition, the government does not object to the Court exercising its discretion to reduce Charles's sentence on Counts One, Four, and Seven to time served.

**Discussion**

Section 404 of the First Step Act appears to invest district courts with discretion to reduce an otherwise final sentence (subject to certain limitations not applicable here), when a defendant was sentenced for an offense whose penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010.[1] Charles was convicted at trial of violating 21 U.S.C. §§ 846 and 841(a), and at sentencing was held responsible for distributing 216 grams of crack cocaine. (DE# 91, PSR, ¶ 42.) At the time, that quantity of crack cocaine corresponded with a statutory range of 10 years to life, under § 841(b)(1)(A)(iii). Section 2 of the Fair Sentencing Act of 2010 raised the applicable

---

[1] Because the First Step Act of 2018 was passed so recently, there is no case law interpreting it yet. In addition, the Department of Justice has not yet issued formal guidance addressing the Act's implementation. In a future case, the government reserves the right to amend its position on the Act in light of case law or DOJ guidance, and nothing it says here should be considered to be the official litigating position of the United States.

1

triggering quantities under § 841(b), such that 216 grams of crack cocaine now corresponds with a statutory range of 5-40 years. *See* Pub. L. No. 111-220 § 2(a) (2010). Charles was therefore sentence for a "covered offense" within the meaning the First Step Act.

Had the Fair Sentencing Act been "in effect at the time the covered offense was committed," *see* First Step Act of 2018, § 404(b), then Charles's guidelines range would have been 292-365 months. And while Judge Higgins would almost certainly have imposed a sentence at least five years above the bottom of that range (*see* DE# 96, Sentencing Transcript, PageID#: 279-83), the Court is not bound by Judge Higgins's assessment as of 1996, and may consider Charles's post-sentencing rehabilitation, which has been documented in prior proceedings. In light of that rehabilitation, and the fact that Charles has already served over 292 months, the government does not object to Charles's request that the Court reduce his sentence to time served.

## Conclusion

As the government noted last March, its opposition to a sentence reduction under 18 U.S.C. § 3582(c)(2) "had nothing to do with any personal feelings towards Mr. Charles," and instead reflected the fact that there was simply no legal basis, under then-current law, for the Court to reduce his sentence. (DE# 245, Transcript, PageID#: 742.) *See United States v. Charles*, 901 F.3d 702, 705 (6th Cir. 2018) (explaining that, in light of then-current law, "[t]he federal courts thus may not provide relief for Charles."). Because Congress has now enacted a new law that *does* appear to make Charles legally eligible for a reduced sentence, the government does not object to the Court exercising its discretion to reduce Charles's sentence on Counts One, Four, and Seven to time served.

Respectfully submitted,

/s/ Donald Q. Cochran
DONALD Q. COCHRAN
United States Attorney for the
Middle District of Tennessee

*/s/ Cecil VanDevender*
CECIL VANDEVENDER
Assistant U.S. Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
(615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, a true and correct copy of the foregoing will be served electronically via the Court's CM/ECF system to Mariah A. Wooten and Michael C. Holley, counsel for defendant Matthew Otis Charles.

*/s/ Cecil VanDevender*
Cecil VanDevender
Assistant U.S Attorney